Alan D. Cyphers

V.

Department of Veterans Affairs
Case Name: Cyphers v. Department of Veterans Affairs
Case Number: 2021-1789 or 2:22-cv-00248-BNW



Dear Judge(s)

    Under exceedingly different circumstances, there's been a great deal made today of ADA Laws decision not to disclose your medical condition. Many people believe we should have. But I believe we failed to disclose it because we are ashamed or embarrassed. I think we do not disclose it, because they are the hypocrites, not the disable, because we're all broken, every single one of us, and yet we pretend that we're not, we all live lives of imperfection, and yet we cling to this fantasy that there's a perfect life and that our managers should embody it. But if we expect our managers to live on a higher moral plane than the rest of us, well, we're just asking to be deceived.

    Perpetrated towards the disabled, when you have a language disorder it can be exceedingly difficult to navigate through life and my vision loss is a great loss in my life. The abusive nature of the facility perpetuated towards the disabled, gives no opportunity and/or justice at this Veterans Affairs in any format when it comes to hiring the disabled or promotion within this VA.
    When you have managers who think this way, that decision neither supported nor protected me and, as a result, I continue to be and abused in the workplace. I was inflicted with intentional, pervasive, constant, consistent, regular, prolonged retaliation and suffered adverse reactions. Disabled worker like me are pay lower wages the non-disabled employees, or in the Veteran Affairs sub-minimum wages for disabled employees, HR wanted to put my rate of at Grade 5 step 8 Paul said no I was put step 1 HR turn around and give me a 3 instead. I ask Paul Matheson and Dr. Nazzareno Liegghio why you won't promote or give me a bonus, both replied due to my disabilities it will not be. Then a few weeks later Dr. Pius Atu ask Dr. Nazzareno Liegghio why won't you promote or give him a bonus to Alan? He said due to his disabilities', I will not do it.

1. This is a Medical Issue, not a Criminal act, I received a citation, and on this date 1/27/2021 it was dismissed because it was a Medical Issue.
2. Letter is Dated 8/3/1889 from Gerald Dunn M.D., this history of having Seizures.
3. Letter is Dated 7/24/1991 Schedule A from the department of Rehabilitation Services.
4. There is a report from Dr. Chris Corbett Neuropsychological.
5. Diane Beleau, who is my direct supervisor, came into my work area and remove my Extra-large 27-inch Computer Monitor the service of the blind and Rehabilitation Services pay for, she took them like they were her own monitors.

Date 2/20/2022

Alan D. Cyphers

## **ORDER**

IT IS ORDERED that ECF No. 10 is DENIED without prejudice. If Plaintiff seeks relief from the Court, he must file an appropriate motion under the Federal Rules of Civil Procedure and the Local Rules. He must tell the Court what relief he seeks and provide legal authority that supports his request for relief.

IT IS SO ORDERED
DATED: 2:40 pm, February 24, 2022



BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALAN D. CYPHERS,**
*Petitioner*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2021-1789

---

Petition for review of the Merit Systems Protection Board in No. SF-0714-21-0082-I-1.

---

**ON MOTION**

---

**ORDER**

Having received no response to the court's January 10, 2022 order,

IT IS ORDERED THAT:

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Citation Nos. 7196775/N4 |
| Plaintiff, | ) |
| vs. | ) ORDER FOR DISMISSAL |
| ALAN D. CYPHERS, | ) |
| Defendant. | ) |

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, and by leave of Court endorsed hereon, the United States for the District of Nevada hereby dismisses citation 7196775 issued to ALAN D. CYPHERS.

DATED this ___27th___ of January, 2021.

NICHOLAS A. TRUTANICH
United States Attorney

/s/ Rachel Kent

RACHEL KENT
Special Assistant United States Attorney

Leave of Court is granted for the filing of the foregoing dismissal.

DATED this _____ day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

# GERALD DUNN, M.D.

*Practice Limited to Neurology and Electromyography*

2628 W. CHARLESTON BLVD.
LAS VEGAS, NEVADA 89102

(702) 878-0111

August 3, 1989

Leslie Stovall, Esquire
302 East Carson
Suite 520
Las Vegas, NV  89101

Re:  Alan Cyphers

Dear Mister Stovall:

Alan Cyphers is a patient of mine, whom I have followed for epilepsy since May 12, 1980. The patient has a history of grand mal seizures and partial complex seizures. With his partial complex seizures, he is able to be up and walking around, but he is confused and has no memory of events. It is not uncommon for people who are having partial complex seizures to become combative if one attempts to restrain them.

Alan was seen in the office on July 11, 1989. He reported that he had a seizure on 6/30/89. Today, he tells me that he subsequently has fallen off his bicycle and doesn't know why he fell. He reports that on 6/30/89, he had gone into a store to buy a surge protector for his computer. He says he had over $300.00 with him. He next remembers waking up in jail the next day. He reportedly had taken three items that he had no use for at home, and he was arrested for grand larceny, and he says that he was told that he was drunk and disorderly. The patient tells me that he does not drink. I have not known him to have alcohol-related problems in the past.

It is certainly possible if Alan had a seizure that day that he could have picked up some objects and walked away and had no intent of stealing them or the knowledge of the events.

The patient did have a recent EEG, which showed frequent epileptic discharges. He continues to take Dilantin 200 mg twice a day for control of his epilepsy. He is also taking Midrin one four times a day for control of headaches. Neither of these medications should be causing any significant side effects, at this time.

If I can be of any further assistance, please let me know.

Sincerely yours,

Gerald Dunn, M.D.
GD/mts17

AUG 1 6 1989

**BOB MILLER**
Governor

STATE OF NEVADA

**JERRY GRIEPENTROG**
Director



# DEPARTMENT OF HUMAN RESOURCES
REHABILITATION DIVISION
628 Belrose Street
Las Vegas, Nevada 89158
(702) 486-5230 Voice

July 24, 1991

Department of Energy
Personnel Department
Washington, D.C.  20585

RE:  SCHEDULE A CERTIFICATION/ALAN CYPHERS

The Above-named client is severely disabled based on epilepsy, blindness in the right eye, partial paralysis of the left leg, and dyslexia that limits his ability to perform vocational tasks that require operating a motor vehicle, working in close proximity to dangerous machines, and walking for prolonged periods of time.

Mr. Cyphers is aware of his limitations and exercises the appropriate precautions regarding the activities he pursues.

Mr. Cyphers is interested in applying for the positions of Management Analyst Trainee and Computer Specialist Trainee. Based on his education I believe he meets the minimum qualifications for Management Analyst Trainee and Computer Specialist Trainee.

Please accept Mr. Cypher's application and certify him for a Schedule A Appointment.

Sincerely,

BUREAU OF VOCATIONAL REHABILITATION

*Phillip Edden*
Phillip Edden
Unit Supervisor

PE:ss

Ken D Cyphers
By Consign Tel
25 Vegas, NV 89108
702 806 4347

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 22 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

U.S. District Court Clerk
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. South, Room #1334
Las Vegas, NV 89101

